UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TOM AMROLLAH, a/k/a MOHAMMAD § <br> HASSAN AMROLLAH-MAJDABADI, § <br> § <br> Plaintiff, § <br> v. § <br> § <br> JANET NAPOLITANO, Secretary, § <br> Department of Homeland Security; § <br> ALEJANDRO MAYORKAS, Director of § <br> Citizenship and Immigration Services; § <br> GERARD HEINAUER, Director of The § <br> Nebraska Service Center for Citizenship § <br> and Immigration Services; § <br> ROBERT MUELLER, Director of The § <br> Federal Bureau of Investigation; and § <br> ERIC HOLDER, United States § <br> Attorney General, § <br> § <br> Defendants. § | CIVIL ACTION NO. <br><br> SA-09-CV-0952 FB (NN) |

REPORT AND RECOMMENDATION

TO:    Honorable Fred Biery
       Chief United States District Judge

This report and recommendation addresses the defendants' first motion to dismiss.[1] In the motion, the defendants asked the court to dismiss the plaintiffs' original complaint. The complaint was filed by plaintiff Tom Amrollah and wife Nahid Vaseghi Tabrizi.[2] The plaintiffs asked the court to order the defendants to immediately adjudicate their applications for lawful permanent residency pursuant to the Mandamus Act.

---

[1]Docket entry # 8.

[2]Docket entry # 1.

The sought-after relief is now moot. Since the complaint was filed, the defendants adjudicated the applications. The defendants denied Amrollah's application and granted Tabrizi's application.[3] After the defendants adjudicated the applications, the plaintiffs amended their complaint. The amended complaint deleted Tabrizi as a plaintiff and changed the sought-after relief. The amended complaint asked the court to declare the decision denying Amrollah's application as invalid and to grant Amrollah's application for permanent residency.[4]

The adjudication of the applications mooted the relief sought by the original complaint. The amendment of the complaint mooted the defendants' motion to dismiss because the motion addressed the relief sought by the original complaint. Amrollah characterized the defendants' motion to dismiss as moot.[5] The defendants did not object to that characterization.

**Recommendation**. I recommend denying the defendants' first motion to dismiss (docket entry # 8) as moot.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[6]

---

[3] *See* docket entry # 10, p. 2.

[4] Docket entry # 9, p. 7.

[5] Docket entry # 10, ¶ 9.

[6] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[7]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[8]

    **SIGNED** on November 2, 2010.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[7] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[8] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).